SCHUMANN *v.* TORBETT *et al.*

Where the defendants in an action for damages for maliciously and without probable cause suing out process of garnishment, had previously applied to the judge of the superior court to appoint a receiver and grant an injunction against the plaintiff, on the ground that he was an insolvent trader and owed past due indebtedness, the ·petition for injunction and receiver and the order refusing them were both admissible as tending to throw light on the question whether the defendants were actuated by malicious motives in suing out the process of garnishment.

October 10, 1890.

Malicious suit.    Evidence.    Before Judge MARSHALL J. CLARKE.    Fulton superior court.    March term, 1890.

Reported in the decision.

.HALL & HAMMOND, for plaintiff.

KING & ANDERSON and W. R. BROWN, for defendants.

BLANDFORD, Justice.   .

This was an action to recover damages, brought by the plaintiff against the defendants, on account of the defendants having maliciously, without probable cause, sued out a process of garnishment in an action brought by Torbett against Schumann.

In a case like this, the main question to be considered is, whether the process of garnishment was in fact sued out maliciously and without probable cause.    And the evidence in this case being very close· upon that question, and it appearing to be sufficient to authorize a verdict of the jury either way, we think that where the defendants in error had applied previously to the judge of the superior court to appoint a receiver and grant an injunction against the plaintiff in error, upon the

ground that he was insolvent and the debt was past due, he being a merchant and trader, that not only the petition filed against the defendant by the plaintiffs, but also the order of the chancellor refusing the injunction and the appointment of a receiver, should have been admitted in evidence upon the trial of the case. It certainly had a tendency to throw some light upon the question of whether the defendants had been actuated by malicious motives or not in suing out the process of garnishment complained of. And upon this ground the judgment of the court below is          *Reversed.*